MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, State Bar No. 257163
cgonell@morganlewis.com
JOHN D. HAYASHI, State Bar No. 211077
jhayashi@morganlewis.com
ALEXANDER L. GRODAN, State Bar No. 261374
agrodan@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Defendant
JPMORGAN CHASE & CO.

FILED

2011 MAY 24  PM 12: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA ANN BUELNA, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>JPMORGAN CHASE & CO; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.   **CV11-04450 DDP (PLAx)**<br><br>**DEFENDANT JPMORGAN CHASE & CO.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Diversity Jurisdiction<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22456317.9

COPY

1  **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

2  **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3       PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and

4  1446, Defendant JPMORGAN CHASE & CO. [1] ("Defendant") hereby removes the

5  above-entitled action from the Superior Court of the State of California, in and for

6  the County of Los Angeles, to the United States District Court for the Central

7  District of California.  Removal is based on the following grounds:

8  **I.**    <u>**SUMMARY OF THE COMPLAINT**</u>

9       On or about April 5, 2011, Plaintiff Sierra Ann Buelna ("Plaintiff"), a citizen

10 of California, filed a complaint for damages in the Superior Court for the State of

11 California in and for in the County of Los Angeles entitled *Sierra Ann Buelna v.*

12 *JPMorgan Chase & Co., a Delaware corporation; and Does 1 through 50,*

13 *Inclusive*, Case No. BC458888 (the "Complaint").  The Complaint alleges wrongful

14 termination in violation of public policy, disability discrimination, retaliation for

15 taking medical leave, violation of the Family Medical Leave Act and California

16 Family Rights Act, violation of meal and rest period laws, retaliation against

17 Plaintiff for complaints related to Chase's meal and rest period policy, unfair

18 business practices, and intentional infliction of emotional distress.

19 **II.**    <u>**THE REMOVAL IS TIMELY**</u>

20      This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b),

21 because it is filed within thirty days of the effective date of service on April 24,

22 2011.  *See*  Ex. B, Proof of Service of Summons.  Defendant was served by

23 substituted service and the effective date of service under Cal. Civ. Proc. Code

24 § 415.20(b) is ten days after the date of mailing.  No previous Notice of Removal

25 has been filed or made with this Court for the relief sought herein.

---

26 [1] The Complaint improperly names "JPMorgan Chase & Co." as defendant.
27 JPMorgan Chase & Co. did not employ Plaintiff.  Plaintiff was employed by
JPMorgan Chase Bank, N.A. ("Chase Bank"), which is also diverse because
Plaintiff alleges Chase Bank is a citizen of Ohio.  *See* Ex. A, Compl. ¶ 3.
28 Defendant and Chase Bank reserve any and all defenses thereto.

III.    **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

Pursuant to 28 U.S.C. § 1441(b), any civil action over which the district courts of the United States have original jurisdiction may be removed from state to federal court.

This Court has original jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff is diverse from Defendant, and an amount in controversy exceeding $75,000 is alleged in the Complaint.

A.    **Diversity Exists Between The Parties.**

The parties meet the diversity requirements of 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a different state from Defendant.

1.    Plaintiff is a Citizen of California.

At the time Plaintiff filed this action, she alleged that she "is, and at all times mentioned herein was, a resident of Los Angeles County, California." *See* Ex. A, Compl. ¶ 1.

2.    Defendant Is Not a Citizen of California.

For diversity determination purposes, Defendant is diverse from Plaintiff because Defendant is <u>not</u> a citizen of California. Plaintiff alleges that Defendant "is a Delaware corporation" and the "corporate headquarters of [Defendant] is located at 270 Park Avenue, New York, NY 10017." *See* Ex. A, Compl. ¶ 2; *see also* Form 10-K for JPMorgan Chase & Co., for the fiscal year ended December 31, 2010, available at: http://edgar.sec.gov/Archives/edgar/data/19617/000095012311019773/y86143e10v k.htm (indicating that Defendant is an international holding company incorporated in Delaware with a principal place of business in New York, New York). Accordingly, New York is Defendant's "nerve center," and it is diverse from Plaintiffs. *See Hertz Corp. v. Friend*, 559 U.S. __, 130 S. Ct. 1181, 1186, 1192, 175 L. Ed. 2d 1029 (2010).

Furthermore, as set forth above, the Complaint improperly names "JPMorgan

1   Chase & Co." as defendant.  JPMorgan Chase & Co. did not employ Plaintiff.

2   Plaintiff was employed by JPMorgan Chase Bank, N.A. ("Chase Bank"), which is

3   also diverse because Plaintiff correctly alleges Chase Bank is a citizen of Ohio.  *See*

4   Ex. A, Compl. ¶ 3.  Chase Bank is a federally chartered national bank that has

5   designated Columbus, Ohio in its articles of association as the locus of its main

6   office.  *See* Ex. C, Articles of Association for JPMorgan Chase Bank (As Amended

7   June 30, 2008).  Pursuant to 28 U.S.C. § 1332 and 1348, and the United States

8   Supreme Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307

9   (2006) (holding that national banks are "located," for diversity jurisdiction

10  purposes, in the state designated in its articles of association as the locus of its main

11  office), Chase Bank is "located," for diversity purposes, in Ohio.

12       Additionally, although Plaintiff has named 50 fictitiously named "Doe"

13  defendants, the citizenship of these "Doe" defendants is disregarded for purposes of

14  removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-

15  91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under

16  fictitious names shall be disregarded).

17       Accordingly, Defendant is not a resident of California for diversity

18  jurisdiction purposes, and is therefore diverse from Plaintiff.

19  **B.    The Amount Plaintiff Places in Controversy Exceeds $75,000.**

20       The amount in controversy component of diversity jurisdiction is satisfied

21  when the matter in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332(a).

22  This threshold is "presumptively satisfied" when "a complaint filed in state court

23  alleges on its face an amount in controversy sufficient to meet the federal

24  jurisdictional threshold" of $75,000.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d

25  696, 699 (9th Cir. 2007).

26       Here, the Complaint places over $3 million in controversy.  Plaintiff alleges

27  "compensatory damages in excess of $1,000,000.00," "medical and related

28  expenses in excess of $1,000,000," and "lost earnings and related expenses in

excess of $1,000,000." *See* Ex. A, Compl. p. 21, ¶¶ 1, 3, 4.  Although Defendant denies Plaintiff's factual allegations and denies that she is entitled to the relief for which she prays, the $3 million alleged in her Complaint puts into controversy well over the $75,000 minimum for diversity jurisdiction under 28 U.S.C. § 1332(a).

**C.    This Court Has Original Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a).**

For the reasons stated above, Plaintiff's allegations in the Complaint establish that (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy vastly exceeds $75,000.  Therefore, this Court has original subject matter jurisdiction over this dispute and removal is appropriate.

**IV.    VENUE**

This action was originally filed in the Superior Court for the County of Los Angeles and is therefore removable to this district.  28 U.S.C. § 1441(a).

**V.    NOTICE**

Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

A true and correct copy of Plaintiff's original Complaint is attached hereto as Exhibit A.

A true and correct copy of Plaintiff's Proof of Service of Summons and Summons are attached hereto as Exhibit B.

A true and correct copy of the Articles of Association for JPMorgan Chase Bank, N.A. are attached hereto as Exhibit C.

A true and correct copy of Chase's Answer, filed in the Superior Court, is attached hereto as Exhibit D.

**VI.    CONCLUSION**

Based on the foregoing, Defendant respectfully requests that this action be

1    removed to this Court.  If any question arises as to the propriety of the removal of

2    this action, Defendant requests the opportunity to present a brief and oral argument

3    in support of its position that this case is removable.

4    Dated:          May 24, 2011                    MORGAN, LEWIS & BOCKIUS LLP

5

6                                                   By

7                                                        Carrie A. Gonell
                                                         Attorneys for Defendant
8                                                        JPMORGAN CHASE & CO.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

1   JAY S. ROTHMAN & ASSOCIATES
    JAY S. ROTHMAN, SBN 49739
2   MARINA KATS FRAIGUN, SBN 192563
    21900 Burbank Blvd., Suite 210
3   Woodland Hills, California 91367
    E-Mail: lawyers@jayrothmanlaw.com
4   Telephone:   (818) 986-7870
    Facsimile:   (818) 990-3019
5
    Attorneys for Plaintiff
6   SIERRA ANN BUELNA



**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 5  2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
    Mary Flores

7

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF LOS ANGELES**

10                                              BC458888

11   SIERRA ANN BUELNA, an individual,      CASE NO.:

12                Plaintiff,                 **COMPLAINT FOR:**

13        vs.                                1.  **Wrongful Termination in Violation of Public
                                                 Policy;**
14   JP MORGAN CHASE & CO., a Delaware
     corporation; and DOES 1 through 50,    2.  **Disability Discrimination in Violation of
15   Inclusive,                                  *Government Code* §12940(a);**

16                Defendants.               3.  **Retaliation for Taking Medical Leave in
                                                Violation of *Government Code* §12945.2(l);**
17
                                            4.  **Violation of Family Medical Leave Act and
18                                              California Family Rights Act (*Government
                                                Code* §12945.2;**
19
                                            5.  **Violation of Rest Period Law (*Industrial
20                                              Welfare Commission Wage Orders*; *Labor
                                                Code* §226.7);**
21
                                            6.  **Violation of Meal Period Law (*Labor Code* §§
22                                              226.7 and 512);**

23                                          7.  **Retaliation in Violation of *Labor Code* §§
                                                98.6 and 1102.5;**
24
                                            8.  **Unfair Business Practices in Violation of
25                                              *Business and Professions Code* §17200;**

26                                          9.  **Intentional Infliction of Emotional Distress.**

27                                                  **- JURY TRIAL DEMANDED -**

28

                                    1
                                                    EXHIBIT A - PAGE 2

                                            COMPLAINT FOR DAMAGES

## **GENERAL ALLEGATIONS**

1. Plaintiff SIERRA ANN BUELNA ("Plaintiff") is, and at all times mentioned herein was, a resident of Los Angeles County, California.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant JP MORGAN CHASE & CO. ("the Company") is a Delaware corporation. The corporate headquarters of the Company is located at 270 Park Avenue, New York, NY 10017. The Company is an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

3. Plaintiff is informed and believes, and thereupon alleges, that JPMORGAN CHASE BANK, N.A. (FDIC Cert: 628) ("CHASE"), is a National Bank. CHASE has corporate headquarters at 1111 Polaris Parkway, Columbus, Ohio 43240.

4. Plaintiff is informed and believes, and thereupon alleges, that CHASE is successor by merger to Bank One, N.A. CHASE is a brand marketed by the Company.

5. Plaintiff is informed and believes, and thereupon alleges, that ALEX LAZABAL ("Lazabal") is, and at all times mentioned herein was, a resident of the County of Los Angeles, State of California. At all times relevant herein, Lazabal was a Chase Manager and a manager/supervisor of Plaintiff.

6. Plaintiff is informed and believes, and thereupon alleges, that the Company operates CHASE as a retail brand, and operates a branch of CHASE at 805 W Lancaster Boulevard in Lancaster, California 93534.

7. As used herein, "Defendant" or "Defendants" refer individually and collectively to the Company, Does 1 to 50, and each of them.

8. At all times herein mentioned, Plaintiff was an employee of Defendant and was and is a citizen of the State of California.

////

////

////

////

2

EXHIBIT A - PAGE 3

9.  Plaintiff does not know the true names or capacities of Defendant DOES 1 through 50, inclusive, and, therefore, sue these Defendants, and each of them, by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of such Defendants, and each of them, when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named Defendants is negligently and intentionally responsible in some manner for the occurrences herein alleged, and that the losses of Plaintiff as herein alleged were proximately caused by such negligence and intent.

10. Plaintiff is informed and believes, and thereupon alleges, that Defendants are, and all times relevant herein were, the principals, agents, employers, employees, general partners, partners, joint ventures, representatives, and some combination thereof of their co-Defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of such agency and employment.

11. Plaintiff is informed and believes, and thereupon alleges, that Defendants adopted, ratified, and authorized the conduct of their co-Defendants, and had advanced knowledge of the unfitness of their employees and employees of their co-Defendants.  Each act complained of herein was performed, ratified, condoned and known about by an officer, director or managing agent of Defendants.

12. Plaintiff is informed and believes, and thereupon alleges, that Defendants, aided and abetted, and conspired with, each other to commit each tortious act alleged herein.

### FACTS COMMON TO ALL CLAIMS

13. Plaintiff was employed by Defendant between 2006 and her wrongful termination in or about November 2010.

14. Plaintiff worked for Defendants as a personal banker earning $14.85 per hour, plus commission.  At all times, Plaintiff fully and completely performed all aspects of her job duties in a professional and competent manner.

////

////

3

EXHIBIT A - PAGE 4

15. In or about July 2009, Lazabal became Plaintiff's manager. Beginning at this time through her termination in or about November 2010, Defendants failed and refused to regularly provide Plaintiff with rest and meal periods.

16. In or about August 2009, Plaintiff complained to Lazabal about not regularly receiving break and meal periods. Lazabal responded "We'll work it out amongst ourselves." However, nothing was done.

17. At the end of 2009, Plaintiff called the Company's Human Resources Department and complained about not regularly receiving rest and meal break. However, nothing was done.

18. On or about April 10, 2010, Plaintiff went on medical leave for stress. Plaintiff's stress was caused by Lazabal's aggressive and inappropriate behavior in addition to not regularly receiving rest and meal breaks.

19. When Plaintiff returned from her leave, Defendants continued to refuse to give Plaintiff timely rest and meal periods.

20. On or about April 20, 2010, Plaintiff once again called the Company's Human Resources Department and complained about not regularly receiving rest and meal breaks. However, nothing was done.

21. On or about August 3, 2010, Plaintiff complained to another manager, "Cesar," about not being provided with break and meal periods. Cesar told Plaintiff to talk to their District Manager, "Patrick." Later that day, Plaintiff approached Patrick and reported Lazabal's inappropriate conduct and failure to regularly receive break and meal periods. Again, nothing was done.

22. Despite Plaintiff's continuous complaints to the Company's management staff and the Company's Human Resources Department, Defendants continued to fail to provide Plaintiff with regular rest and meal periods.

23. On or about August 10, 2010, Plaintiff suffered an anxiety attack while at work. Plaintiff informed a manager that she needed to leave and sought medical care from her primary care physician.

24. Plaintiff's treating physician diagnosed Plaintiff as having an anxiety disorder and as bipolar, and placed Plaintiff on medical leave for two (2) weeks.

4

EXHIBIT A - PAGE 5

25. On or about August 11, 2010, Plaintiff left a voice message on Lazabal's personal voicemail box and on his office answering machine, advising him of her disability and of her need for medical leave.

26. A few hours later, on or about August 11, 2010, Lazabal returned Plaintiff's telephone call and informed Plaintiff that her employment was terminated. Plaintiff immediately called the Company's Human Resources Department to report what she considered to be a retaliatory termination. Lee McConnell of the Company's Human Resources Department told Plaintiff that her employment appears to still be active.

27. On or about August 12, 2010, the Company sent Plaintiff an "As You Leave Guide".

28. On or about August 13, 2010, the Company sent Plaintiff a disability packet.

29. Defendants retaliated against Plaintiff because of her disability and for complaining about rest and meal break violations by terminating Plaintiff.

30. As a direct and proximate result of the acts of Defendants, herein alleged, Plaintiff suffered economic and non-economic damages, including but not limited to loss of earnings and emotional distress, in an amount in excess of the jurisdictional limits of this Court to be proven at the time of trial, together with prejudgment interest as authorized by law.

31. The acts of these Defendants, as alleged herein, were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages pursuant to *Civil Code* §3294.

## ADMINISTRATIVE REMEDY EXHAUSTED

32. On or about March 21, 2011, Plaintiff exhausted her administrative remedies by filing a complaint against Defendant with, and receiving a Right-to-Sue Notices from, the California Department of Fair Employment and Housing ("DFEH"). The DFEH complaint and Right to Sue Notice is attached hereto as Exhibit A.

////

////

////

EXHIBIT A - PAGE 6

COMPLAINT FOR DAMAGES

**JURISDICTION**

33. This Court is the proper Court for the filing of this action. Plaintiff's employment and the incidents and claims at issue herein took place in Los Angeles County. The commercial activities of Defendants impact Los Angeles County in a substantial, continuous and systematic way. Defendants have purposefully availed themselves of the protections and benefits of Los Angeles County. The connection of Defendants is so pervasive that Defendants reasonably anticipate being haled into a Los Angeles County court.

**FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

*(Industrial Welfare Commission Wage Orders; Labor Code §§ 1102.5; Labor Code §§ 226.7; 510, 512; Business and Professions Code §17200, et seq.)*

**(AGAINST ALL DEFENDANTS)**

34. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 33 of this Complaint.

35. Under California law, no employee can be terminated or retaliated against for a reason that is in violation of public policy. Plaintiffs are informed and believe, and thereupon allege, that Defendants terminated and retaliated against Plaintiffs in violation of the following well established, public, substantial and fundamental public policies:

    a. *Government Code* §12940(a), as more fully set forth in the 2nd Cause of Action.

    b. *Government Code* §12945.2(l), as more fully set forth in the 3rd Cause of Action.

    c. *Labor Code* §1102.5, as more fully set forth in the 6th Cause of Action.

    d. *Labor Code* §§ 226.7, 510, 512, as more fully set forth in the 4th and 5th Causes of Action.

    e. *Business and Professions Code* §17200, et seq., as more fully set forth in the 7th Cause of Action.

    f. The *Industrial Welfare Commission Wage Orders*, as more fully set forth in the 4th Cause of Action.

////

6

EXHIBIT A - PAGE 7

COMPLAINT FOR DAMAGES

g.   *Labor Code* §2856, which provides: "An employee shall substantially comply with all the directions of his employer concerning the service on which he is engaged, except where such obedience is impossible or unlawful, or would impose new and unreasonable burdens upon the employee."

h.   Any and all other statutes, regulations, administrative orders, and ordinances which impact society at large, which will be established according to proof at the time of trial.

36. Plaintiff alleges that the terms and conditions of her employment and her wrongful termination was in violation of the public policies of the State of California as set forth in the preceding causes of action. The *Industrial Welfare Commission Wage Orders*, *Government Code* §12940, *Government Code* §12945.2, *Labor Code* §§ 226.7, 510, 512, *Labor Code* § 1102.5, and *Business and Professions Code* §17200, et seq. are important public policies that inure to the benefit of the public at large.

37. Defendants' handling of Plaintiff's complaints bothered Plaintiff.  It bothered her that Defendants were not providing her with meal periods and rest periods.

38. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered/continues to suffer and incurred/continues to incur:

a.   Substantial loss of earnings, employment benefits and reduced future earning capacity in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to applicable law;

b.   Additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial;

c.   Embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven at time of trial.

////
////

7

EXHIBIT A - PAGE 8

d. Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time. Plaintiff will seek leave of court to amend this complaint when the same have been ascertained; and

e. Additional future medical expenses all to her further damage in an amount to be proven at trial; and

f. Other incidental and consequential damages in an amount according to proof at the time of trial.

39. Because the acts taken toward Plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION UNDER F.E.H.A.

### (*Government Code §12940(a)*)

### (AGAINST ALL DEFENDANTS)

40. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 39 of this Complaint.

41. Government Code §12940(a) provides, in pertinent part, as follows:

"It shall be an unlawful employment practice...(a) For an employer, because of the...physical disability,...medical condition...of any person, to refuse to...employ the person..., or to bar or to discharge the person from employment..., or to discriminate against the person in compensation or in terms, conditions, or privileges of employment...

42. Plaintiff's physical disability and medical condition were motivating reasons for Defendants to discriminate against and terminate Plaintiff, as more fully alleged herein.

////

8

EXHIBIT A - PAGE 9

COMPLAINT FOR DAMAGES

43. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered/continues to suffer and incurred/continues to suffer:

    a. Substantial loss of earnings and employment benefits in an amount according to proof at the time of trial;

    b. Other incidental and consequential damages in an amount according to proof at the time of trial;

    c. Necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof;

    d. Physical injuries, including but not limited to, crying, sleeplessness, stomach aches, etc.

    e. Fear, embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven at time of trial.

    f. Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time. Plaintiff will seek leave of court to amend this complaint when the same have been ascertained; and

    g. Additional future medical expenses all to his further damage in an amount to be proven at trial.

44. Because the acts taken toward Plaintiff were carried out by employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests an award of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

////

////

////

////

EXHIBIT A - PAGE 10

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### RETALIATION FOR TAKING MEDICAL LEAVE

#### (*Government Code §12945.2(l)*)

#### (AGAINST ALL DEFENDANTS)

45. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 44 of this Complaint.

46. *Government Code* §12945.2(l) provides, in pertinent part, as follows:

> It shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following:
>
> (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a).

47. Plaintiff was eligible for medical leave, as more fully alleged herein.

48. Plaintiff took medical leave, as more fully alleged herein.

49. Plaintiff's taking of medical leave was a motivating reason for Defendants to discriminate against and terminate Plaintiff, as more fully alleged herein.

50. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered/continues to suffer and incurred/continues to incur:

    a. Substantial loss of earnings, employment benefits and reduced future earning capacity in an amount according to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to applicable law;

    b. Additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial;

    c. Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof;

////
////

10

EXHIBIT A - PAGE 11

d. Embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven at time of trial.

e. Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time. Plaintiff will seek leave of court to amend this complaint when the same have been ascertained; and

f. Additional future medical expenses all to her further damage in an amount to be proven at trial; and

g. Other incidental and consequential damages in an amount according to proof at the time of trial.

51. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests an award of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAMILY MEDICAL LEAVE ACT AND CALIFORNIA FAMILY RIGHTS ACT**

(*Government Code §12945.2*)

**(AGAINST ALL DEFENDANTS)**

52. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 51 of this Complaint.

53. At all times hereinafter mentioned, Defendants were employers or other entities or persons who were required to comply with the "CFRA" (*California Gov. Code §12945.2*). Under the CFRA, employees are eligible to receive up to 12 weeks of job-protected leave for medical leave and employers are required to accommodate such medical related conditions.

////

EXHIBIT A - PAGE 12

COMPLAINT FOR DAMAGES

54. At all times hereinafter mentioned, Plaintiff was a qualifying employee protected by the CFRA, and Defendants was a qualified employer, required to comply with the CFRA. Plaintiff, at all times herein mentioned, was a qualified employee with a protected condition, and/or regarded as such by Defendants.

55. During the period of Plaintiff's disability, Defendants refused to reasonably accommodate Plaintiff medical condition.  Plaintiff was eligible for job-protected leave for family and medical leave under the CFRA, but was denied such leave by Defendants.

56. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered/continues to suffer and incurred/continues to incur:

    a. Substantial loss of earnings, employment benefits and reduced future earning capacity in an amount according to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to applicable law;

    b. Additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial;

    c. Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof;

    d. Embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven at time of trial.

    e. Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time.  Plaintiff will seek leave of court to amend this complaint when the same have been ascertained; and

    f. Additional future medical expenses all to her further damage in an amount to be proven at trial; and

    g. Other incidental and consequential damages in an amount according to proof at the time of trial.

EXHIBIT A - PAGE 13

COMPLAINT FOR DAMAGES

57. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests an award of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### VIOLATION OF REST PERIOD LAW

*(Industrial Welfare Commission Wage Orders; Labor Code §226.7)*

### (AGAINST ALL DEFENDANTS)

58. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 57 of this Complaint.

59. In California, the *Industrial Welfare Commission Wage Orders* require that employers must authorize and permit nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four hour work period, or major fraction thereof. The Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a "major fraction of four." A rest period is not required for employees whose total daily work time is less than three and one-half hours. The rest period is counted as time worked and therefore, the employer must pay for such periods. *Labor Code* §226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

60. Defendants did not provide Plaintiff with rest periods. This failure constituted a violation of the *Industrial Welfare Commission Wage Orders* and *Labor Code* §226.7.

61. Defendants had a practice of not providing employees with rest periods.

62. Thus, Plaintiff, and all hourly employees who did not receive rest periods are owed monies.

////

////

13

EXHIBIT A - PAGE 14

63. California *Labor Code* §200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

64. Plaintiff has been available and ready to receive wages owed to her.

65. Plaintiff has never refused to receive any payment, nor has Plaintiff been absent from Defendants' regular places of business.

66. Defendants' failure to provide Plaintiff with rest periods was willful because it had knowledge of the illegality of failing to provide rest periods and has intentionally failed to do so as required by law.

67. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered/continues to suffer and incurred/continues to incur:

    a.   Compensation for missed rest breaks;

    b.   Waiting penalties pursuant to Labor Code Section 203;

    c.   Interest under the Labor Code;

    d.   Civil penalties as provided for in Labor Code §558;

    e.   Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to him further damage in an amount according to proof; and

    f.   All other damages allowed by law.

68. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests an award of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

////

////

////

////

EXHIBIT A - PAGE 15

COMPLAINT FOR DAMAGES

**SIXTH CAUSE OF ACTION**

VIOLATION OF MEAL PERIOD LAW

(*Labor Code* §§ 226.7, 512)

(AGAINST ALL DEFENDANTS)

69. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 68 of this Complaint.

70. *Labor Code* §512, et seq., provides, in pertinent part, that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. *Labor Code* §226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

71. When Plaintiff worked for Defendants, she was a non-exempt hourly employee. During her employment, Plaintiff worked more than five hours per day, but was not provided a meal period. She worked more than 10 hours per day and did not receive a second meal period. These acts by Defendants constituted a violation of California's wage and hour laws.

72. Defendants had a practice of not providing employees with meal periods.

73. This failure violated California *Labor Code*, including but not limited to §§226.7 and 512.

74. Thus, Plaintiff and all hourly employees who did not receive meal periods are owed monies.

75. California *Labor Code* §200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

15

EXHIBIT A - PAGE 16

76. Plaintiff has been available and ready to receive wages owed to her.

77. Plaintiff has never refused to receive any payment, nor has Plaintiff been absent from Defendants' regular places of business.

78. Defendants' failure to provide Plaintiff with meal periods was willful because it had knowledge of the illegality of failing to provide meal periods and has intentionally failed to do so as required by law.

79. As a proximate result of the aforesaid acts of Defendants, Plaintiff has incurred/continues to incur and is therefore entitled to recover:

    a.   Compensation for missed meal breaks;

    b.   Waiting penalties pursuant to Labor Code Section 203;

    c.   Interest under the Labor Code;

    d.   Civil penalties as provided for in Labor Code §558;

    e.   Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to him further damage in an amount according to proof; and

    f.   All other damages allowed by law.

80. Because the acts taken toward Plaintiff were carried out by employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests an award of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### RETALIATION

*(Labor Code §§ 98.6 and 1102.5)*

### (AGAINST ALL DEFENDANTS)

81. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 80 of this Complaint.

////

16

COMPLAINT FOR DAMAGES

1   82. *Labor Code* §1102.5 provides, in pertinent part, as follows:

2          An employer may not retaliate against an employee for refusing to participate in an

3          activity that would result in a violation of state or federal statute, or a violation or

4          noncompliance with a state or federal rule or regulation.

5   83. In doing the things herein alleged, Defendants and each of them violated *Labor Code* Section 98.6

6   and 1102.5(c) in that they retaliated against and terminated Plaintiff for making complaints

7   regarding not receiving a meal break wherein she is relieved of her duties as mandated by

8   California law.

9   84. As a proximate result of the aforesaid acts of Defendants, Plaintiff has incurred/continues to incur

10  and is therefore entitled to recover:

11      a.  Substantial loss of earnings, employment benefits and reduced future earning capacity in an

12          amount according to proof at the time of trial.  Plaintiff claims such amount as damages

13          together with prejudgment interest pursuant to applicable law;

14      b.  Additional expenses in her efforts to regain employment, all to her damage in an amount

15          according to proof at the time of trial;

16      c.  Embarrassment, humiliation, emotional distress, mental anguish and severe shock to her

17          nervous system, and thereby sustained serious injuries to her physical and mental health,

18          strength and activity, causing her extreme physical and emotional pain, all to her general

19          damage in such amount as may be proven at time of trial.

20      d.  Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this

21          time.  Plaintiff will seek leave of court to amend this complaint when the same have been

22          ascertained; and

23      e.  Additional future medical expenses all to her further damage in an amount to be proven at

24          trial; and

25      f.  Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain

26          benefits due her, all to her further damage in an amount according to proof; and

27  ////

28

EXHIBIT A - PAGE 18

COMPLAINT FOR DAMAGES

1        g.  Other incidental and consequential damages in an amount according to proof at the time of

2            trial.

3    85. Because the acts taken toward Plaintiff were carried out by employees acting in a deliberate, cold,

4        callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests an award

5        of punitive damages against Defendants, and each of them, in an amount appropriate to punish and

6        make an example of Defendants.

7    Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

8                              **SEVENTH CAUSE OF ACTION**

9                              **UNFAIR BUSINESS PRACTICES**

10                          **(*Business and Professions Code* §17200)**

11                             **(AGAINST ALL DEFENDANTS)**

12   86. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every

13       allegation contained in Paragraphs 1 through 85 of this Complaint.

14   87. Defendants' conduct constitutes unfair competition pursuant to *Business and Professions Code*

15       §17200, et seq. Defendants' conduct included unlawful, unfair and/or fraudulent business acts or

16       practices, to wit: Defendants' unlawful failure to provide meal periods and failure to provide rest

17       periods. By failing to provide meal periods and failing to provide rest periods, Defendants gained

18       an unfair advantage over its competitors who provided meal and rest periods.

19   88. Defendants are strictly liable for engaging in unfair competition in violation of *Business and*

20       *Professions Code* §17200, et seq.

21   89. As a proximate result of the aforesaid acts of Defendants, Plaintiff has incurred/continues to incur

22       and is therefore entitled to recover:

23       a.  Substantial loss of earnings, employment benefits and reduced future earning capacity in an

24           amount according to proof at the time of trial. Plaintiff claims such amount as damages

25           together with prejudgment interest pursuant to applicable law;

26       b.  Additional expenses in her efforts to regain employment, all to her damage in an amount

27           according to proof at the time of trial;

28

18

EXHIBIT A - PAGE 19

c.  Embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven at time of trial.

d.  Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time.  Plaintiff will seek leave of court to amend this complaint when the same have been ascertained; and

e.  Additional future medical expenses all to her further damage in an amount to be proven at trial; and

f.  Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof; and

g.  Other incidental and consequential damages in an amount according to proof at the time of trial.

90. Unless restrained, Defendants will continue in the acts and conduct set forth above, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief.

91. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage, Plaintiff requests an award of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

### EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS)

92. Plaintiff realleges, repleads, and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 91 of this Complaint.

////

////

EXHIBIT A - PAGE 20

COMPLAINT FOR DAMAGES

93. The acts described herein constitute outrageous conduct by Defendants.  Defendants' ratification of said conduct is also outrageous.  When Defendants did the acts described in this complaint, they did such acts deliberately and intentionally so as to cause Plaintiff severe emotional distress.

94. Defendants' conduct in confirming and ratifying that conduct was done with the knowledge that Plaintiff' distress would thereby increase, and was done with wanton and reckless disregard for the probability of causing Plaintiff emotional distress.

95. The above acts of Defendants and each of them caused Plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of her employment.  As a direct, proximate and foreseeable result of the aforesaid conduct of the Defendants, and each of them, Plaintiff has suffered damages and injuries set forth below.

96. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered/continues to suffer and incurred/continues to incur:

    a.  Substantial loss of earnings, employment benefits and reduced future earning capacity in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to applicable law;

    b.  Additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial;

    c.  Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof;

    d.  Embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven at time of trial.

    e.  Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time.  Plaintiff will seek leave of court to amend this complaint when the same have been ascertained; and

////

EXHIBIT A - PAGE 21

COMPLAINT FOR DAMAGES

f.  Additional future medical expenses all to her further damage in an amount to be proven at trial; and

g.  Other incidental and consequential damages in an amount according to proof at the time of trial.

97. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage, Plaintiff requests an award of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  For compensatory damages for an amount in excess of $1,000,000.00 and according to proof at trial;

2.  For an award of punitive damages;

3.  For medical and related expenses in excess of $1,000,000.00.

4.  For lost earnings and related expenses in excess of $1,000,000.00.

5.  For attorneys' fees and costs as permitted by law;

6.  For prejudgment interest on all amounts claimed, as permitted by law; and

7.  For such other and further relief as the Court deems just and proper.

DATED: March **23** 2011

JAY S. ROTHMAN & ASSOCIATES

By: _____

MARINA KATS FRAIGUN
JAY S. ROTHMAN
Attorneys for Plaintiff SIERRA ANN BUELNA

21

EXHIBIT A - PAGE 22

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT A - PAGE 23



# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH #    **E201011R7140-00**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

**BUELNA, SIERRA**

TELEPHONE NUMBER (INCLUDE AREA CODE)

**(818)986-7870**

ADDRESS

**C/O JAY S. ROTHMAN & ASSOCIATES, 21900 BURBANK BOULEVARD, SUITE 210**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **WOODLAND HILLS, CA 91364** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME

**JP MORGAN CHASE & CO.**

TELEPHONE NUMBER (Include Area Code)

**(800)935-9935**

ADDRESS

**805 W LANCASTER BOULEVARD**

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **LANCASTER, CA 93534** | **LOS ANGELES** | **037** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| **150+** | **11/01/2010** | **00** |

THE PARTICULARS ARE:

I allege that on about or before <u>11/01/2010</u> , the following conduct occurred:

| | | |
|---|---|---|
| X  termination | ___ denial of employment | X  denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| ___ harassment | ___ denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | X  failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | X  retaliation | |
| ___ impermissible non-job-related inquiry | ___ other (specify) _____ | |

by    **JP MORGAN CHASE & CO.**

because of :

Name of Person

Job Title (supervisor/manager/personnel director/etc.)

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | X  disability (physical or mental) | X  retaliation for engaging in protected |
| ___ age | ___ marital status | X  medical condition (cancer or | activity or requesting a protected |
| ___ religion | ___ sexual orientation | generic characteristic | leave or accommodation |
| ___ race/color | ___ association | ___ other (specify) _____ | |

State of what you believe to be the reason(s) for discrimination

I WAS DISCRIMINATED AGAINST, RETALIATED AGAINST, AND TERMINATED BY MY EMPLOYER BECAUSE OF MY DISABILITY, BECAUSE I TOOK MEDICAL LEAVE FOR MY DISABILITY, AND BECAUSE I COMPLAINED ABOUT REST AND MEAL BREAKS.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  **03/21/2011**

At   **Woodland Hills**

DATE FILED:  **03/21/2011**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

EXHIBIT A - PAGE 24



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                          EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                 Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

March 21, 2011

BUELNA, SIERRA
C/O JAY S. ROTHMAN & ASSOCIATES, 21900 BURBANK
BOULEVARD, SUITE 210
WOODLAND HILLS, CA 91364

RE:   E201011R7140-00
      BUELNA/JP MORGAN CHASE & CO.

Dear BUELNA, SIERRA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective March 21, 2011
because an immediate right-to-sue notice was requested. DFEH will take no further action
on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

ALEX LAZABAL
MANAGER
JP MORGAN CHASE & CO.
805 W LANCASTER BOULEVARD
NORTH HOLLYWOOD, CA 93534

DFEH-200-43 (06/06)
EXHIBIT A - PAGE 26

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Jay S. Rothman, SBN 49739
Marina Kats Fraigun, SBN 192563
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210, Woodland Hills, CA 91367
TELEPHONE NO.:  (818) 986-7870        FAX NO.:  (818) 990-3019
ATTORNEY FOR *(Name)*:  Plaintiff Sierra Ann Buelna

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, CA  90012
BRANCH NAME:  Stanley Mosk Courthouse - Central District

CASE NAME:
Sierra Ann Buelna vs. JP Morgan Chase & Co.

**FILED**
**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**APR 5  2011**

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
         Mary Flores

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **BC 458888** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [✓] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify)*:  Nine (9)

5. This case [ ] is [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  March 23, 2011

Marina Kats Fraigun, Esq.
_____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc. www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |

EXHIBIT A - PAGE

| SHORT TITLE: Buelna vs. JP Morgan Chase & Co. | CASE NUMBER BC 458888 |
|---|---|

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 5 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 7-10 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

EXHIBIT A - PAGE 28

| SHORT TITLE: | Buelna vs. JP Morgan Chase & Co. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, ②, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Buelna vs. JP Morgan Chase & Co. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT A - PAGE 30

 

| SHORT TITLE: Buelna vs. JP Morgan Chase & Co. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>805 W Lancaster Boulevard |
|---|---|
| CITY: Lancaster | STATE: CA | ZIP CODE: 93534 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 29, 2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

# EXHIBIT "B"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jay S. Rothman 49739<br>Jay Rothman & Assoc<br>21900 Burbank Blvd. Ste 210<br>Woodland Hills, CA 991367<br>TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): 818-986-7870<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>APR 25 2011<br>John A. Clarke Executive Officer/Clerk<br>By _____<br>GLORIETTA ROBINSON Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

| PLAINTIFF/PETITIONER: Sierra Ann Buelna | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JP Morgan Chase & Co. | BC458888 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 58 |
|---|---|

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint        Notice os Case Assignment
   f. [X] other (specify documents):

3. a. Party served (specify name of party as shown on documents served):
      JP Morgan Chase & Co., a Delaware corporation

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

4. Address where the party was served:     805 W. Lancaster Blvd.
   Lancaster, CA 93534

5. I served the party (check proper box)
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): (2) at (time):
   b. [X] by substituted service. On (date): 4/13/2011 at (time): 04:20PM I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
      Elyse Kay - Vice President

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): from (city): or [ ] a declaration of mailing is attached.

      (5) [X] I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

EXHIBIT B - PAGE 33

| PLAINTIFF/PETITIONER:   Sierra Ann Buelna | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   JP Morgan Chase & Co. | BC458888 |

5.  c. ☐  by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):                (2) from (city):

    (3) ☐  with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me.  (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐   to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐  by other means (specify means of service and authorizing code section):

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of (specify):
  c. ☐  as occupant.
  d. ☐  On behalf of (specify):
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  Person who served papers
  a.  Name:  Irving Ruiz
  b.  Address:  Rottner Attorney Service, Inc.  1201 W. Temple St.  Los Angeles, CA  90026
  c.  Telephone number:  (213) 482-0200
  d.  The fee for service was:  $   69.00
  e.  I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒  a registered California process server:X
      (i) ☐  owner ☐  employee ☐  independent contractor.
      (ii)  Registration No.:  6455
      (iii)  County:     Los Angeles

8.  ☒   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:    4/14/2011

    Irving Ruiz

_____         ▶    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

EXHIBIT B - PAGE 34

# **Declaration Of Mailing**

I, Kevin Rottner, am employed in the County of Los Angeles, State of California and that I am over the age of 18 and not a party to this action. My Business address and phone number is:

Rottner Attorney Service
1201 W. Temple St.
Los Angeles, CA  90012
213-482-0200

On 4/14/2011 I served the following documents:

Summons and complaint; ADR package
Notice os Case Assignment

on the party served per the attached Proof of Service, by placing a copy of these documents in a sealed envelope, first class postage prepaid from Los Angeles, California, addressed to:

JP Morgan Chase & Co., a Delaware corporation
805 W. Lancaster Blvd.
Lancaster, CA 93534

I am readily familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice this envelope would be deposited in a United States Postal Service mail box the same day, with postage fully prepaid in the ordinary course of business.

I am also aware that on the motion of the party served, service is presumed invalid if the postal cancellation date of the postage meter date on the exterior of the envelope is more than one day after the mailing date in this declaration.

I declare under the penalty of perjury of the State of California that the above is true and correct. Executed in Los Angeles, California on 4/14/2011.

Kevin Rottner

EXHIBIT B - PAGE 35

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

JP MORGAN CHASE & CO., a Delaware corporation; and DOES 1
through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

SIERRA ANN BUELNA, an individual,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 5  2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es:)  Los Angeles Superior Court

CASE NUMBER
(Número de Caso): BC 458888

Stanley Mosk Courthouse: 111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)

Jay S. Rothman & Associates: 21900 Burbank Blvd., Ste 210, Woodland Hills, CA 91367 (818) 986-7870

DATE: _____                Clerk, by _____, Deputy
(Fecha)    JOHN A. CLARKE          (Secretario)                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT B

# EXHIBIT "C"

EXHIBIT C - PAGE 37

# JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

## CHARTER NO. 8

## ARTICLES OF ASSOCIATION

### (As Amended June 30, 2008)

For the purpose of organizing an Association to perform any lawful activities of national banks, the undersigned do enter into the following Articles of Association:

FIRST.  The title of this Association shall be JPMorgan Chase Bank, National Association (the "Association").

SECOND.  The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio.  The general business of the Association shall be conducted at its main office and its branches.

THIRD.  The board of directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full board of directors or by resolution of a majority of the shareholders at any annual or special meeting thereof.

FOURTH.  There shall be an annual meeting of the shareholders to elect directors and transact whatever other business may be brought before the meeting.  It shall be held at the main office or any other convenient place and on such date as the board of directors may designate.

FIFTH.  The authorized amount of capital stock of this Association shall be $1,815,000,000, divided into 150,000,000 shares of common stock of the par value of $12 each and 15,000,000 shares of preferred stock of the par value of $1 each; but said capital stock may be increased or decreased from time to time, according to the provisions of the laws of the United States.

In the event of any such increase in the capital stock of this Association by the sale of additional shares or the distribution of additional shares as a stock dividend, each shareholder of this Association (unless otherwise provided by the shareholders' vote or votes authorizing the increase) shall be entitled, in proportion to the number of shares of said capital stock owned by him before such increase, to proportionate rights in respect of such additional shares as follows: (1) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace one or more whole shares of such additional shares, to receive (a) in the case of a sale, a transferable warrant entitling the holder to subscribe, within the specified subscription period, for such one or more whole shares of such additional shares or (b) in the case of a stock dividend, a certificate evidencing such one or more whole shares of such additional shares; and

EXHIBIT C - PAGE 38

(2) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace a fraction of a share, to receive (a) in the case of a sale, a fractional subscription warrant, conditioned that it shall be void unless, within the specified subscription period, it is combined with other such fractional subscription warrants in the aggregate entitling the holder thereof to subscribe for a whole share or whole shares of such additional shares and such subscription is completed by such holder of such combined fractional warrants or (b) in the case of a stock dividend, a fractional warrant which shall not represent or entitle the holder thereof to any of the privileges of a shareholder of this Association but may be combined with other such fractional warrants in the aggregate entitling the holder thereof to exchange them for a whole share or whole shares of such additional shares and conditioned that the holder exchanging such combined fractional warrants for such whole share or whole shares of such additional shares shall receive any dividends applicable to such whole share or whole shares declared after the date of such fractional warrants and payable in respect of such whole share or whole shares at the time of such exchange.

In the event of an increase in the capital stock of this Association in pursuance of a statutory consolidation to which this Association may be a party, the additional shares shall be issued in such a manner as the contract or plan of consolidation may provide, pursuant to and in contemplation of the statute under which said consolidation is effected.

In the event of an increase in the capital stock of this Association in pursuance of a plan or contract (other than in the case of a statutory consolidation) for the acquisition by this Association of the assets, in whole or in part, and the good will of another banking institution or banker, the additional shares shall be subscribed for by or issued to any persons, firms, trustees or corporations, whether or not shareholders of this Association, as, in its discretion in the execution of such plan or contract, the Board of Directors may approve.

The Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the shareholders.

SIXTH.  The Board of Directors shall appoint one of its members President of this Association, who shall be Chairman of the Board; but the Board of Directors may appoint a director, in lieu of the President, to be Chairman of the Board, who shall perform such duties as may be designated by the Board of Directors.  The Board of Directors shall have the power to appoint one or more Vice Presidents; to appoint a Cashier and such other officers as may be required to transact the business of this Association; to fix the salaries to be paid to all officers of this Association; and to dismiss such officers, or any of them; but the Board of Directors may delegate the authority to exercise such powers of appointment, salary determination and dismissal.

The Board of Directors shall have the power to define the duties of officers and employees of this Association, to require bonds from them, and to fix the penalty thereof; to regulate the manner in which directors shall be elected or appointed, and to appoint judges of election; in the event of an increase of the capital stock of this Association to regulate the manner in which such increase shall be made; to make all by-laws that it may be lawful for them to make for the general regulation of the business of this Association and the management of its affairs; and generally to do and perform all acts that it may be lawful for a Board of Directors to do and perform.

EXHIBIT C - PAGE 39

SEVENTH.  The board of directors shall have the power to change the location of the main office to any other location permitted under applicable law, without the approval of the shareholders, and shall have the power to establish or change the location of any branch or branches of the Association to any other location permitted under applicable law, without the approval of the shareholders subject to such limitations as from time to time may be provided by law.

EIGHTH.  The corporate existence of this Association shall continue until termination according to the laws of the United States.

NINTH.  These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of the holders of such greater amount.

In witness whereof, we have hereunto set our hands as of June 30, 2008.

By /s/ James Dimon
James Dimon

By /s/ Frank J. Bisignano
Frank J. Bisignano

By /s/ Steven D. Black
Steven D. Black

By /s/ Michael J. Cavanagh
Michael J. Cavanagh

By /s/ Charles W. Scharf
Charles W. Scharf

By /s/ James E. Staley
James E. Staley

#48681 v4

EXHIBIT C - PAGE 40

# EXHIBIT "D"

1   MORGAN, LEWIS & BOCKIUS LLP
    CARRIE A. GONELL, State Bar No. 257163
2   cgonell@morganlewis.com
    JOHN D. HAYASHI, State Bar No. 211077
3   jhayashi@morganlewis.com
    ALEXANDER L. GRODAN, State Bar No. 261374
4   agrodan@morganlewis.com
    5 Park Plaza, Suite 1750
5   Irvine, CA  92614
    Tel: 949.399.7000
6   Fax: 949.399.7001

7   Attorneys for Defendant
    JPMORGAN CHASE & CO.

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF LOS ANGELES

11

12  SIERRA ANN BUELNA, an individual,      Case No. BC458888

13             Plaintiff,                  Assigned For All Purposes To:
                                           Hon. William F. Fahey – Dept. 78
14        vs.

15  JPMORGAN CHASE & CO., a Delaware       **DEFENDANT JPMORGAN CHASE & CO.'S**
    corporation; and DOES 1 through 50,    **ANSWER TO COMPLAINT**
16  inclusive,

17             Defendants.                 Complaint Filed:   April 5, 2011
                                           Trial Date:        None Set
18

19

20       Defendant JPMORGAN CHASE & CO.[1] ("Defendant") answers the unverified

21  Complaint ("Complaint") of Plaintiff SIERRA ANN BUELNA ("Plaintiff") as follows:

22                            **GENERAL DENIAL**

23       Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies,

24  generally and specifically, each and every allegation in the Complaint.  Defendant further denies,

25  generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been

26  or will be damaged in any sum, or at all, by reason of any act or omission on the part of

27  _____
    [1] The Complaint improperly names "JPMorgan Chase & Co." as defendant.  JPMorgan Chase &
28  Co. did not employ Plaintiff.  Plaintiff was employed by JPMorgan Chase Bank, N.A. ("Chase
    Bank").  Defendant and Chase Bank reserve any and all defenses thereto.

    DB2/22447695.3

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
     IRVINE                              ANSWER

                                                       EXHIBIT D - PAGE 42

1  Defendant, or any of its past or present agents, representatives, or employees, acting in the course

2  and scope of their employment.

### DEFENSES

4  Defendant also asserts the following defenses, without admitting any obligations

5  regarding who bears the burden of proof or persuasion as to any one of them and prays for

6  judgment as set forth below:

### FIRST DEFENSE

### (Failure to State a Claim)

9  1.  Plaintiff is barred from recovery because the Complaint and each and every cause

10  of action contained therein fails to state facts sufficient to constitute a cause of action upon which

11  relief may be granted.

### SECOND DEFENSE

### (Other Actions Pending)

14  2.  Pursuant to California Code of Civil Procedure Section 430.10(c) and/or the rule

15  of exclusive concurrent jurisdiction, plaintiff is a putative class member in class actions asserting

16  duplicative claims to those asserted.

### THIRD DEFENSE

### (Statutes of Limitations)

19  3.  The Complaint, and each purported cause of action contained therein, is barred in

20  whole or in part by all applicable statutes of limitation, including but not limited to California

21  Code of Civil Procedure §§ 335.1, 338, 339, and 340; California Labor Code § 203; California

22  Government Code §§ 12960(d) and 12965(b); and California Bus. & Prof. Code § 17208.

### FOURTH DEFENSE

### (Misjoinder of Parties/Not the Employer)

25  4.  The claims of Plaintiff are barred against Defendant because Defendant was not

26  the employer of Plaintiff.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22447695.3

-2-

ANSWER

EXHIBIT D - PAGE 43

## FIFTH DEFENSE

### (Failure to Exhaust Internal and/or Administrative Remedies)

5.     Plaintiff's claims brought under the Fair Employment and Housing Act ("FEHA") are barred to the extent they exceed the scope of the complaint Plaintiff filed with the California Department of Fair Employment and Housing.

## SIXTH DEFENSE

### (Release)

6.     To the extent Plaintiff has released claims alleged in the Complaint, her claims are barred by those releases.

## SEVENTH DEFENSE

### (Res Judicata/Collateral Estoppel)

7.     The Complaint, and each purported cause of action contained therein, are barred by the doctrines of res judicata and/or collateral estoppel.

## EIGHTH DEFENSE

### (Arbitration)

8.     Plaintiff's claims are barred because she is contractually bound to arbitrate the claims alleged in the Complaint.

## NINTH DEFENSE

### (Uncertainty)

9.     Plaintiff's claims are ambiguous, uncertain, and unintelligible and essential facts are omitted and/or improperly appear only inferentially, as conclusions of law, or by way of recitals.

## TENTH DEFENSE

### (Laches)

10.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of laches.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22447695.3

-3-

ANSWER

EXHIBIT D - PAGE 44

### ELEVENTH DEFENSE

### (Failure to Mitigate)

11.    Plaintiff has failed to mitigate her damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

### TWELFTH DEFENSE

### (Just and Proper Exercise of Managerial Discretion)

12.    Plaintiff's claims are barred because Chase Bank's actions were a just and proper exercise of management discretion and business judgment, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

### THIRTEENTH DEFENSE

### (Conduct Reasonable and in Good Faith/Not Willful)

13.    Plaintiff's claim for penalties pursuant to, inter alia, Labor Code § 203, are barred, in whole or in part, because Chase Bank had a reasonable, honest, and good faith belief that all of the wages earned by Plaintiff had been paid in a timely and lawful manner at the time they were owed.

### FOURTEENTH DEFENSE

### (Mixed Motives)

14.    To the extent discrimination was a motivating factor in the decisions affecting Plaintiff (which Defendant denies), legitimate reasons (standing alone) would have induced Chase Bank to make the same decisions.

### FIFTEENTH DEFENSE

### (Unclean Hands)

15.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

### SIXTEENTH DEFENSE

### (Waiver)

16.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22447695.3

-4-

ANSWER

EXHIBIT D - PAGE 45

### SEVENTEENTH DEFENSE

#### (Avoidable Consequences)

17.     The claims of Plaintiff are barred, or recovery reduced, because:  (a) Chase Bank took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventive and corrective measures that Chase Bank provided; and (c) reasonable use of Chase Bank's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

### EIGHTEENTH DEFENSE

#### (Prevention of Discriminatory or Retaliatory Behavior)

18.     Plaintiff's claims are barred, in whole or in part, because at all times relevant hereto, Chase Bank exercised reasonable care to prevent and/or to promptly correct any alleged discriminatory or retaliatory conduct.

### NINETEENTH DEFENSE

#### (Lack of Causation)

19.     To the extent Plaintiff has incurred any damages, which Defendant expressly denies, such alleged damages were not proximately caused or legally caused by Defendant.

### TWENTIETH DEFENSE

#### (After-Acquired Evidence)

20.     To the extent during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

### TWENTY-FIRST DEFENSE

#### (Workers' Compensation Preemption)

21.     The Workers' Compensation Act, California Labor Code sections 3200 *et seq.*, provides Plaintiff's exclusive remedy for her alleged personal injury, if any, including any claim for physical injury and/or mental or emotional distress.

Morgan, Lewis &
Bockius LLP
ATTORNEYS AT LAW
IRVINE

DB2/22447695.3

-5-

ANSWER

EXHIBIT D - PAGE 46

### TWENTY-SECOND DEFENSE

### (Set-Off Benefits)

22.     Even if the applicable Workers' Compensation laws do not provide the exclusive remedy for Plaintiff's claims, Defendant is entitled to a set-off of any benefits Plaintiff receives or has received from Workers' Compensation or any other benefit plan or source related to the injuries or damages alleged in the Complaint against any award of damages to Plaintiff in this action.

### TWENTY-THIRD DEFENSE

### (Defendant's Good Faith Engagement in Interactive Process)

23.     Chase Bank engaged in a good faith interactive process to make reasonable accommodations for Plaintiff's alleged disabilities that would not cause an undue hardship on Chase Bank.

### TWENTY-FOURTH DEFENSE

### (Undue Hardship/Requested Accommodation Unreasonable)

24.     The disability accommodation(s) that Plaintiff sought, if any, were not reasonable or would have imposed an undue hardship on Chase Bank.

### TWENTY-FIFTH DEFENSE

### (Inability to Perform Essential Job Duties)

25.     Plaintiff was not able to perform her essential job duties even with reasonable accommodation.

### TWENTY-SIXTH DEFENSE

### (Pre-existing Psychological Condition)

26.     To the extent Plaintiff alleges any psychological injury and/or damages related thereto, Defendant is not liable in whole or in part due to Plaintiff's pre-existing psychological condition(s).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22447695.3

-6-

ANSWER

EXHIBIT D - PAGE 47

### TWENTY-SEVENTH DEFENSE

### (Consent)

27.     Plaintiff's claims are barred in whole or in part because any alleged actions or omissions complained of by Plaintiff were consented to by Plaintiff.

### TWENTY-EIGHTH DEFENSE

### (Privilege/Justification)

28.     Plaintiff's claims are barred in whole or in part because Chase Bank was privileged and justified in acting as it did.

### TWENTY-NINTH DEFENSE

### (Excuse)

29.     Plaintiff's claims are barred in whole or in part because Plaintiff's actions or inactions served to excuse any performance by Chase Bank.

### THIRTIETH DEFENSE

### (No Basis For Award of Punitive Damages)

30.     Plaintiff fails to allege facts sufficient to support an award of punitive damages against Defendant.

### THIRTY-FIRST DEFENSE

### (Constitutional Limit On Punitive Damages)

31.     Plaintiff's claims for punitive damages, penalties, or for any form of damage other than compensatory damages, are barred by the Contract Clause (Article I, Section 10, Clause 1), the Due Process Clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution and the corresponding provisions of the California Constitution.

### THIRTY-SECOND DEFENSE

### (Proportional Economic Damages)

32.     Any non-economic damages sustained by Plaintiff in this action were due to the fault of someone other than Defendant, and under California Civil Code Section 1431.2, the Fair

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22447695.3

-7-

ANSWER

EXHIBIT D - PAGE 48

1  Responsibility Act of 1986, Defendants can only be held liable to those economic damages

2  proportionally caused by the fault of Defendant.

### THIRTY-THIRD DEFENSE

**(Setoff and Recoupment)**

33.    If any damages have been sustained by Plaintiff, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff owed to Chase Bank against any judgment that may be entered against Defendant.

### THIRTY-FOURTH DEFENSE

**(Adequate Remedy at Law)**

34.    The claims of Plaintiff for injunctive and other equitable relief are barred because they have an adequate and complete remedy at law.

### THIRTY-FIFTH DEFENSE

**(No Entitlement to Jury Trial—Certain Claims)**

35.    Plaintiff is not entitled to a trial by jury of certain of her claims, including her claim under California Bus. & Prof. Code §§ 17200 *et seq.*

### THIRTY-SIXTH DEFENSE

**(Reservation of Rights)**

36.    Defendant reserves the right to assert additional defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by reason of her Complaint;

2    That the Complaint herein be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

3.    That Defendant be awarded its reasonable costs and attorneys' fees incurred by this action, including but not limited to, under Section 218.5 of the Labor Code.; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22447695.3

-8-

ANSWER                    EXHIBIT D - PAGE 49

1        4.    For such other and further relief as the Court deems just and proper.

2   Dated: May 23, 2011                          MORGAN, LEWIS & BOCKIUS LLP

3

4                                     By _____

5                                         Carrie A. Gonell
                                          Attorneys for Defendant
6                                         JPMORGAN CHASE & CO.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22447695.3

-9-

ANSWER

EXHIBIT D - PAGE 50

**PROOF OF SERVICE**

*Sierra Ann Buelna v. JPMorgan Chase Bank, et al.*
LASC Case No. BC458888

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On May 23, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT JPMORGAN CHASE & CO.'S ANSWER TO COMPLAINT**

[ ]  **BY FAX:  (C.C.P. § 1013(a),(e); CRC 2008)**  - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[X]  **BY MAIL:  (C.C.P. § 1013(a))**  - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY OVERNIGHT MAIL (C.C.P. § 1013(c)) - By FEDERAL EXPRESS,** following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]  **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[ ]  **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** -  the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on May 23, 2011.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is dghani@morganlewis.com.

DB2/22460039.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

PROOF OF SERVICE

EXHIBIT D - PAGE 51

| | |
|---|---|
| Jay S. Rothman, Esq.<br>Marina Kats Fraigun, Esq.<br>JAY S. ROTHMAN & ASSOCIATES<br>21900 Burbank Blvd., Suite 210<br>Woodland Hills, CA 91367<br>Telephone:  818.986.7870<br>Facsimile:  818.990.3019<br>lawyers@jayrothmanlaw.com | Attorneys for Plaintiff SIERRA ANN BUELNA |

[ X ]   **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on May 23, 2011, at Irvine, California.

_____
Diane Ghani

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

## PROOF OF SERVICE

### *Buelna v. JPMorgan Chase*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On May 24, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT JPMORGAN CHASE & CO.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

[  ]    **BY FAX: -** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]   **BY MAIL: -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]    **BY OVERNIGHT MAIL -** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[  ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED –** By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

DB2/21431363.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1

2     **[   ]     BY ELECTRONIC SERVICE** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on May 24, 2011.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is pmartin@morganlewis.com.

3

4

5

6     **[   ]     BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

7

8

| | |
|---|---|
| Jay S. Rothman, Esq.<br>Marina Kats Fraigun, Esq.<br>JAY S. ROTHMAN & ASSOCIATES<br>21900 Burbank Blvd., Suite 210<br>Woodland Hills, CA 91367<br>Telephone:  818.986.7870<br>Facsimile:  818.990.3019<br>lawyers@jayrothmanlaw.com | *Attorneys for Plaintiff SIERRA ANN*<br>*BUELNA* |

9

10

11

12

13

14     **[ X ]  FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

15

16     Executed on May 24, 2011, at Irvine, California.

17

18                                                          Patricia Martin

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21431363.1                                    -2-

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV11- 4450 DDP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>SIERRA ANN BULENA, an individual, | DEFENDANTS<br>JPMorgan Chase & Co., a Delaware Corporation, and DOES 1 through 50, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Jay S. Rothman, Esq./Marina Kats Fraigun, Esq./Jay S. Rothman &Associates<br>21900 Burbank Blvd., Suite 210<br>Woodland Hills, CA 91367 TEL. 818.986.7870 | Attorneys (If Known)<br>CARRIE A. GONELL / JOHN D. HAYASHI<br>MORGAN, LEWIS & BOCKIUS LLP<br>5 Park Plaza, Suite 1750<br>Irvine, CA 92614  TEL:  949.399.7000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 3,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Wrongful termination, disability discrimination, retaliation, meal and rest violations, and related claims; removed pursuant to 28 U.S.C. 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV11-04450 DDP (PLAx)

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No   ☑ Yes
If yes, list case number(s): Salazar v. JPMorgan Chase & Co., No. 2:11-cv-04294; Hightower v. JPMorgan Chase Bank, No. 2:11-cv-01802

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | DELEWARE AND NEW YORK |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date May 24, 2011
                                          CARRIE A. GONELL

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# PROOF OF SERVICE

## *Buelna v. JPMorgan Chase*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On May 24, 2011, I served on the interested parties in this action the within document(s) entitled:

### CIVIL CASE COVER SHEET

[  ]   **BY FAX: -** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]   **BY MAIL: -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]   **BY OVERNIGHT MAIL -** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[  ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** - By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[  ]   **BY ELECTRONIC SERVICE** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on May 24, 2011. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

DB2/21431363.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

[ ]   **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Jay S. Rothman, Esq.<br>Marina Kats Fraigun, Esq.<br>JAY S. ROTHMAN & ASSOCIATES<br>21900 Burbank Blvd., Suite 210<br>Woodland Hills, CA 91367<br>Telephone: 818.986.7870<br>Facsimile: 818.990.3019<br>lawyers@jayrothmanlaw.com | *Attorneys for Plaintiff SIERRA ANN*<br>*BUELNA* |

[ X ]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on May 24, 2011, at Irvine, California.

Patricia Martin